IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARCHETTI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK GREEN, et al. | : | No.  11-3922 |

<u>MEMORANDUM</u>

J. WILLIAM DITTER, JR., J.                                                              March 31, 2015

Presently before this court is a *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by John Marchetti.  Marchetti challenges the restrictions placed upon him while on probation as well as the revocation of his probation.[1]  For the reasons that follow, the petition will be dismissed.

<u>FACTS AND PROCEDURAL HISTORY:</u>

Marchetti's petition for writ of habeas corpus relates to the execution of the following sentences.  On November 12, 2008, Marchetti pled *nolo contendere* to

---

[1] Section 2254 confers jurisdiction on United States District Courts to entertain petitions for *habeas corpus* relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The Supreme Court has interpreted § 2254 as mandating that the petitioner be "in custody" pursuant to the conviction or sentence he seeks to attack at the time his petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989).  The custody requirement has been extended beyond those "held in actual, physical custody in prison or jail."  *Jones v. Cunningham,* 371 U.S. 236, 238, 243 (1963) (those on parole are "in custody" for the purposes of federal *habeas* relief).  The Third Circuit has defined "custody" as the imposition of "'significant restraints on liberty . . . not shared by the public generally,' along with 'some type of continuing government supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (per curiam) (citations omitted).  Because Marchetti was incarcerated when he filed his petition and, according to the Delaware County District Attorney's office, is currently on probation, he is "in custody" for *habeas* purposes.

possession of child pornography as well as loitering and prowling at night time.  *See* CP-23-CR-0006617-2007,  CP-23-CR-0006981-2008.  He also entered negotiated guilty pleas to driving under the influence and reckless endangerment.  *See* CP-23-CR-0002320-2007.  On February 17, 2009, consistent with the negotiated pleas, Marchetti was sentenced to an aggregate term of 2-23 months imprisonment, with credit for time served from September 8, 2008, followed by three years of probation.  He was directed to comply with Megan's law reporting obligations and while on probation, he was restricted to use of a computer "for business only" and subject to a search of his computer at any time.  Marchetti did not file a timely post-sentence motion to withdraw his plea or file a direct appeal.  Judgment was final, for appeal purposes, on March 18, 2009.[2]

On August 5, 2010, while Marchetti was on probation, his computer was confiscated by his probation officer to check for pornography.  As a result, Marchetti filed a petition for return of property.  The trial court ordered the probation department to return the computer on September 9, 2010, but permitted the department to continue to monitor Marchetti's computer use to ensure its use "for legitimate business purposes."

On October 26, 2010, Marchetti filed a petition for modification of sentence arguing that the probation department's treatment of him was "harassing and abusive"

---

[2] In the instant *habeas* petition, Marchetti attacks the execution of his sentence.  To the extent that he attempts to challenge his conviction or sentencing, any claims related thereto are barred by the federal statute of limitations which expired on March 19, 2010.  *See* 28 U.S.C.A. § 2244(d)(1) (imposing a 1 year statute of limitations on *habeas* petitions filed by persons in state custody).

and resulted in "cruel and unusual punishment." Marchetti also argued that the trial court erred in authorizing the probation department to impose a restriction on him that was not part of the negotiated sentence, specifically, the installation of monitoring software on his computer at his own cost. Counsel was appointed to represent Marchetti and filed a petition to withdraw after concluding the appeal was frivolous. Marchetti's petition was denied by the trial court as untimely on October 28, 2010, and the Pennsylvania Superior Court ultimately quashed his appeal on the same grounds.[3]

On March 24, 2011, the Department of Parole/Probation requested that the court issue a bench warrant for Marchetti as a result of alleged probation violations. On March 29, 2011, a *Gagnon I* hearing was held where Marchetti was charged with technical probation violations in Case Nos. 2320-07 and 6617-07.[4] A *Gagnon II* hearing was held on May 10, 2011, and continued to July 19, 2011. On January 9, 2012, Marchetti was found in violation of probation, and sentenced to 18-36 months in a state correctional facility in Case No. 6617-07, with a consecutive term of two years probation in Case No.

---

[3] As a result, the claims presented in Marchetti's petition for modification of sentence were not addressed on the merits by the Pennsylvania courts.

[4] In *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the Supreme Court defined the due process rights of individuals accused of violating the conditions of their probation or parole. *Balsavage v. Wetzel,* 545 Fed.Appx. 151, 152 n.1 (3d Cir. 2013). Due process requires that a defendant is generally entitled to two (2) separate hearings prior to revocation of parole or probation. The first, "*Gagnon I*," hearing is held to determine if there is probable cause for parole or probation revocation. The second, "*Gagnon II,*" hearing is held to conduct a more comprehensive examination of the facts to justify final revocation of probation or parole.

2320-07.[5]

On January 17, 2012, Marchetti filed a motion for reconsideration of sentence for violation of probation and, on February 7, 2012, filed a timely notice of appeal to the Pennsylvania Superior Court. The trial court denied his motion for reconsideration as moot on February 24, 2012, and the Pennsylvania Superior Court affirmed the decision to revoke probation on January 10, 2013.[6] *Commonwealth v. Marchetti*, Nos. 513, 683 EDA 2012 (Pa Super. Jan. 10, 2013).

On February 13, 2013, Marchetti filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq.,

---

[5] The court made the following factual findings in support of its decision:

(1) defendant was discharged unsuccessfully from two sexual offender programs (TAP Sexual Offenders Treatment Program and Reading Specialist);
(2) defendant violated a New Jersey restraining order prohibiting communication with his son by sending him an email on MySpace;
(3) defendant violated a condition of sex offender probation to refrain from using the Internet without monitoring software; and
(4) by sending his son an e-mail on MySpace, defendant violated a condition of sex offender probation to refrain from using the computer except for business.

*Commonwealth v. Marchetti*, Nos. 2320-07, 6617-07, at 3 (Del. Co. Ct. Com. Pls. June 13, 2012).

[6] In his appeal to the Superior Court, Marchetti argued that the trial court abused its discretion in admitting testimony from Marchetti's probation officer at his *Gagnon II* hearing regarding a previously failed sex offender treatment program. In affirming the revocation of probation, the Superior Court found that the probation officer's testimony was properly admitted and that, even if the testimony had been admitted improperly, "there was substantial other evidence establishing multiple violations." *Commonwealth v. Marchetti*, Nos. 513, 683 EDA 2012, at 7-8 (Pa Super. Jan. 10, 2013). As discussed, *infra*, in footnote 8, Marchetti has not presented this claim in his instant petition for federal habeas relief.

challenging the revocation of probation on January 9, 2012, the assistance of counsel at his probation revocation hearing, and the application and extension of Pennsylvania's sex offender registration law. Counsel was appointed to represent Marchetti, and he subsequently filed a letter certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. The PCRA court dismissed Marchetti's petition on January 16, 2014, and permitted counsel to withdraw. Marchetti filed a notice of appeal on February 10, 2014. On October 24, 2014, the Pennsylvania Superior Court dismissed the appeal for failure to file a brief.[7]

> Marchetti has filed this *pro se* federal *habeas corpus* petition alleging:
>
> 1) that his original plea agreement was breached when he was required to install monitoring software on his computer at his own cost and when time limitations were imposed upon his completion of a sex therapy program;
>
> 2) the trial court violated his Double Jeopardy and due process rights in finding that he had violated probation in Case Nos. 2320-07 and 6617-07 when his sentence is Case No. 2320-07 "was maxed out" and did not require sex offender registration; and
>
> (3) his due process rights were violated at his *Gagnon II* hearings when his probation for Case No. 6617-07 was revoked based on unlawful grounds and when additional registration requirements as a sex offender were imposed.[8]

Respondents filed an answer asserting that Marchetti is not entitled to federal habeas

---

[7] According to the Pennyslvania state docket, on June 18, 2014, Petitioner filed a counseled petition for writ of *habeas corpus* in Pennsylvania court presumably requesting his release from prison. On July 21, 2014, he was ordered discharged from the state correctional facility.

[8] Marchetti's claims are taken from his originally filed *habeas* petition as well as the "Petition Seeking to Amend Pending *Habeas Corpus* Action" (Doc. No. 24).

relief because his claims are unexhausted and procedurally defaulted.

**DISCUSSION:**

    1.    **Exhaustion and Procedural Default**

The claims presented in the instant petition for federal *habeas* relief are variations of the claims presented in Marchetti's most recent state appeal - his 2013 PCRA petition. These claims are unexhausted and procedurally defaulted. A federal court, absent unusual circumstances, should not entertain a petition for writ of *habeas corpus* unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b). A petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Picard v. Connor*, 404 U.S. 270 (1971). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (quoting *Caswell v. Ryan*, 953 F.2d 853, 856 (3d Cir. 1992)). In order for a claim to be exhausted "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed by the federal court." *Evans v. Court of Common Pleas, Del. Co., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. *Lambert v.*

*Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

Marchetti failed to properly present the claims presented in the instant federal *habeas* petition to the state courts because he failed to complete the appeal in the Pennsylvania Superior Court from the denial of his PCRA petition. As previously noted, his appeal was dismissed by the Superior Court on October 24, 2014, for failure to file a brief. Therefore, his claims are unexhausted.[9]

If, however, I were to excuse Marchetti from exhausting his state remedies for his claims, it would do him no good. A return to state court would be futile due to "an absence of available State corrective process." *Lines*, 208 F.3d at 162. The only way in which Marchetti could present these claims in the state court at this time is by filing a second PCRA petition. *See Szuchon v. Lehman*, 273 F.3d 299, 324 n.14 (3d Cir. 2001). Any such petition would be time-barred by the PCRA's statute of limitations.[10]

---

[9] Marchetti has properly exhausted one claim in state court regarding the admission of his probation officer's testimony at his *Gagnon II* hearing. He presented that claim in his motion for reconsideration of sentence filed on January 17, 2012, and on appeal to the Pennsylvania Superior Court, where it was denied on its merits on January 10, 2013. However, as noted *supra*, that claim is not presented in the instant *habeas* petition.

To the extent that Marchetti presented the claim that probation unlawfully required him to pay for computer monitoring software in his 2010 petition for modification of sentence, I note that the state courts never reviewed the merits of the claim at that time because the petition was deemed untimely. The Pennsylvania courts' failure to review the claim on the merits renders the claim unexhausted in that appeal as well as in Marchetti's PCRA appeal.

[10] Pursuant to the PCRA, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1); *see also, e.g., Lines*, 208 F.3d at 164 n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are jurisdictional) (citing *Commonwealth v. Banks*, 726 A.2d 374 (Pa. 1999)). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of

In legal terms, Marchetti is considered to have procedurally defaulted his claims because state procedural rules bar him from seeking further relief in state courts. *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). The principal exception to this general rule precluding federal review of *habeas* claims that have been procedurally defaulted is for petitioners who can show "cause and prejudice" for the procedural default or that a "miscarriage of justice" will occur absent review. *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004); *Cristin v. Brennan*, 281 F.3d 404, 414 (3d Cir. 2002).

If the petitioner fails to demonstrate cause and prejudice for the default, the federal court may consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Carrier*, 477 U.S. at 496).

Marchetti has not provided this court with an explanation for his failure to properly appeal the denial of the PCRA petition to the Pennsylvania Superior Court. As a result, he has not shown cause to excuse his procedural default.[11] *Carrier*, 477 U.S. at 488.

---

Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review. 42 Pa. Cons. Stat. Ann. § 9545(b)(3).

[11] Because no cause has been demonstrated, the court need not address the prejudice requirement. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

Moreover, because Marchetti makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if his claims are not reviewed. *Coleman*, 501 U.S. at 748; *Schlup*, 513 U.S. at 327 (citing *Carrier*, 477 U.S. at 496). Consequently, federal review of his claims is foreclosed.

    An appropriate order follows.