IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARCHETTI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK GREEN, et al. | : | No.  11-3922 |

## **MEMORANDUM AND ORDER**

AND NOW, this 20th day of May, 2015, having construed Petitioner's *pro se* letter dated April 21, 2015, as a motion for reconsideration, I make the following findings and reach the following conclusions:

1. The instant motion seeks relief from this court's March 31, 2015, judgment which dismissed Petitioner's petition for *habeas corpus* relief because his claims were unexhausted and procedurally defaulted.  Petitioner argues that he is entitled to *habeas* relief because he was improperly forced to serve 3 years of imprisonment in violation of his plea agreement for the case listed as Common Pleas Docket 6617-07.  He contends that although he is barred from seeking further relief in state court since he "maxed out" on that sentence, his case should not be considered moot in a federal *habeas* petition.  Petitioner also alleges that my decision to dismiss his claims as procedurally defaulted was inconsistent because I had already ruled that he had exhausted his state court remedies in denying Respondents' motion for summary judgment.

2. I will first address this court's ability to provide *habeas* relief in this case.  Petitioner argues that I should excuse his failure to exhaust and procedural default because he has no further recourse in state court.  This claim is without merit.  As noted in my March 31, 2015 Memorandum and Order, 28 U.S.C. § 2254 confers jurisdiction on United States District Courts to entertain petitions for *habeas corpus* relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The Supreme Court has interpreted § 2254 as mandating that the petitioner be "in custody" pursuant to the conviction or sentence he seeks to attack at the time his petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989).  Because Petitioner was incarcerated

when he filed his petition, jurisdiction was established since he was "in custody" for *habeas* purposes and his subsequent release from custody does not divest this court of jurisdiction. However, if a petitioner completes serving a sentence prior to the court's consideration of the petition, the petition is generally considered moot because there is no continuing case or controversy. *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). Here, Petitioner alleges that he has completed his maximum sentence and was released from custody in 2014, therefore, his *habeas* petition would be dismissed as moot.[1] *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) ("[t]he custody requirement of the *habeas corpus* statute is designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty"). Consequently, Petitioner's *habeas* petition would be dismissed because his claims are procedurally defaulted,[2] or in the alternative, his petition is moot. Either way, he is not entitled to *habeas* relief.

3. With regard to Petitioner's claim that I had determined that exhaustion was established when I denied Respondents' motion for summary judgment, I note that Petitioner's argument is based on a faulty reading of my previous orders. I originally denied Respondents' motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because I deemed Petitioner's *habeas* petition timely and legally sufficient on its face. In doing so, I made no determination regarding exhaustion, procedural default, or the merits of his claims. Petitioner's assertion that I had rendered a decision on any of those issues prior to the issuance of my March 31, 2015 Memorandum and Order dismissing his *habeas* petition is simply wrong. As a result, Petitioner's

---

[1] To the extent that Petitioner may be subject to reporting as a sex offender, I note that "restraint" limited to registration requirements does not establish continued "custody." Indeed, courts in this district have "unanimously held that the registration and notification restraints imposed by Pennsylvania's SVP law are not a genuine restraint on liberty, but merely a civil regulation rather than a criminal punishment." *Brooks v. Rozum*, 2014 WL 6886700, at *10-11 (E.D.Pa. Dec. 14, 2014) (citations omitted).

[2] Petitioner's failure to exhaust in state court and the ultimate conclusion that his claims were procedurally defaulted was based on the dismissal of his appeal in the Pennsylvania Superior Court. That appeal was not dismissed due to Petitioner's release from state incarceration, but rather for failure to comply with state procedural rules, namely failing to file a brief.

argument of inconsistency in my finding that his claims were procedurally defaulted is denied.

Based upon the foregoing, **I HEREBY ORDER** that the Clerk of Court shall docket Petitioner's April 21, 2015, letter as a motion for reconsideration and that the motion for reconsideration is **DENIED.**

**I FURTHER ORDER** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Petitioner has failed to make a substantial showing of a denial of a constitutional right.

  /s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.